IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BILLY GUYTON and DAVID BROWN, § Individually and On Behalf of All Others § Similarly Situated, § Plaintiffs, § v. § LEGACY PRESSURE CONTROL, INC., § ROBERT D. MYRICK, and ISHA MYRICK § Defendants. § | CIVIL ACTION NO. 15-1075<br><br>JURY TRIAL DEMANDED |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Billy Guyton and David Brown ("Named Plaintiffs") on behalf of themselves and all others similarly situated ("Class Members" herein) (Named Plaintiffs and Class Members are collectively referred to herein as "Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. They show as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). In order to achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants have violated the FLSA by improperly classifying their so-called "Operators" as

"exempt" employees and failing to pay those workers at time-and-one-half their regular rates of pay for all hours worked within a workweek in excess of forty hours. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendant's compensation policies, Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Plaintiff Billy Guyton is an individual who resides in Leon County, Texas and was employed by Defendants within the meaning of the FLSA. He has consented to be a party in this action and his consent form is attached hereto as "Exhibit 1".

4. Plaintiff David Brown is an individual who resides in Brazos County, Texas and was employed by Defendants within the meaning of the FLSA. He has consented to be a party in this action and his consent form is attached hereto as "Exhibit 2".

5. The Named Plaintiffs and Class Members are Defendants' current and former Operators.

6. Defendant Legacy Pressure Control, Inc. ("Legacy") is an active Texas for-profit corporation that is authorized to do business in Texas and is doing business in Texas. Defendant may be served with process by service on it registered agent for service, Isha M Myrick, 3802 Brighton Creek Circle, Tyler, Texas 75707.

7. Defendant Robert D. Myrick is an individual. He is Vice President of Legacy, and was an employer of Plaintiffs. He may be served with process at the address at which he resides, 18 Via Aragon, San Antonio, TX 78257.

8. Defendant Isha Myrick is an individual. She is the President of Legacy, and was an employer of Plaintiffs. She may be served with process at the address at which she resides, 3802 Brighton

Creek Circle, Tyler, Texas 75707.

### III.  JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law.  Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.

10. Venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas.  Defendant Robert D. Myrick resides in this judicial district and all Defendants are residents of the State in which this district is located.  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV.  COVERAGE UNDER THE FLSA

11. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the Class Members.

12. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendants have been an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees handling, selling, or otherwise working on goods or

materials that have been moved in or produced for interstate commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

15. At all times hereinafter mentioned, Defendant Robert Myrick possessed the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment of employees, and maintained employment records.

16. At all times hereinafter mentioned, Defendant Isha Myrick possessed the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment of employees, and maintained employment records.

17. At all times hereinafter mentioned, Plaintiffs and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in interstate commerce or in the production of goods for interstate commerce as required by 29 U.S.C. §§ 206-207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

18. Defendant Legacy is an oilfield services company. They offer Pump Truck Servies, Wireline Pressure Control, Water Transfer, Produced Water Filtration, and Test/Torque Services, according to their website. (http://www.legacypressurecontrol.com/, last visited November 30, 2015). According to their website, Defendants operate in "East Texas/North Louisiana, South Texas/West Texas, and Ohio/West Virginia/Pennsylvania."

19. Defendant Robert D. Myrick is a Vice President of Legacy. Defendant Isha Myrick is his mother, and is the President of Legacy. Legacy is operated, controlled, and owned by the Myrick family.

20. Plaintiffs were employed by Defendants, as so-called "Operators", based out of Defendants' offices in Tyler, Texas.

21. As Operators, the Plaintiffs' primary job duty for the Defendant was the performance of manual, non-management work. Plaintiffs' primary job duty was not performed in an office, but out in the field. Plaintiffs spent most of their time performing pressure control work: (1) operating oilfield pressure control equipment; (2) monitoring pressure control gauges; (3) supervising the setup of the pressure control equipment; and (4) rigging jobs up and down. The duties for all of the Operators were essentially the same. As a result, each Operator performed the same or similar job duties.

22. Plaintiffs did not direct the work of two or more employees at any one time during their employment as Operators. Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

23. Plaintiffs and Class Members were misclassified, or otherwise treated as exempt under the Fair Labor Standards Act and thus not paid overtime pay for hours worked in excess of 40 hours in a workweek.  Defendants knew that Plaintiffs and Class Members regularly worked in excess of 40 hours per week.  Nonetheless, Defendants failed to compensate the Plaintiffs and Class Members at a rate that is not less than time-and-one-half their regular rates of pay for the hours they worked in excess of 40 in a workweek.

24. Defendants have employed and are employing other individuals as so-called Operators who have performed the same job duties under the same pay provisions as Plaintiffs, in that they have performed, or are performing, the same job duties, have been misclassified as "exempt" employees, have consistently worked in excess of forty hours in a workweek and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay.

25. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Plaintiffs and the Class Members.

## VI.  COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs and the Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of, Operator.  Further, Plaintiffs and the Class Members were subjected to the same pay provisions in that they were all misclassified as "exempt" under the FLSA, were denied overtime pay, and were consistently required to work in excess of forty (40) hours in a workweek.  Thus, the Class Members are owed unpaid overtime and/or minimum wage for the same reasons as Plaintiffs.

27. Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of misclassifying so-called Operators as exempt. This policy or practice is/was applicable to all Plaintiffs and the Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiffs or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime and/or minimum wages to Plaintiffs also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

**All current and former Operators who worked for Defendants and were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek during the three-year period before the date the Court authorizes notice.**

28. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the Class Members.

29. Plaintiff and Class Members hereby demand trial by jury on all issues.

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

30. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such

employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendants acted willfully in failing to pay Plaintiffs and the Class Members in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

31. WHEREFORE, cause having been shown, Plaintiffs pray for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit);

   b. For an Order awarding Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

   c. For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees; and

   d. For an Order awarding Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

   e. For an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

  f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Signed this 6th day of December, 2015.

                Respectfully submitted,

                **KAPLAN LAW FIRM, PLLC**
                98 San Jacinto Blvd., Suite 540
                Austin, Texas 78701
                Telephone: (512) 553-9390
                Telecopier: (512) 692-2788
                www.kaplanlawatx.com

                By: _____

                **Austin Kaplan**
                State Bar No. 24072176
                akaplan@kaplanlawatx.com

                **BRIGGLE & POLAN, PLLC**
                Parker P. Polan
                State Bar No. 24060432
                parker@brigglepolan.com
                S.A. Hayden Briggle
                State Bar No. 24059487
                hayden@brigglepolan.com
                812 San Antonio St., Ste. 310
                Austin, Texas 78701
                Telephone: (512) 472-1926
                Telecopier: (512) 472-1174