UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BILLY GUYTON and DAVID BROWN, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. SA-15-CV-1075-XR |
| LEGACY PRESSURE CONTROL, INC., ROBERT MYRICK and ISHA MYRICK, | § § § § | |
| *Defendants*, | § § § | |

# ORDER

On this date, the Court considered Defendants' Motion to Transfer Venue (Docket no. 28) and the corresponding responses and replies. After careful consideration, the Court will DENY Defendants' motion.

## BACKGROUND

Defendant Legacy Pressure Control, Inc. ("Legacy"), an oilfield services company, employs Plaintiffs Billy Guyton and David Brown as operators. Docket no. 16 at 2, 4. In this role, they perform labor in oilfields, including operating pressure control equipment, monitoring gauges, equipment setup, and rigging jobs. *Id*. at 5. Plaintiffs allege that they did not direct other employees, lacked authority to hire and fire, and had no meaningful role in personnel decisions. *Id*. Plaintiffs further allege that they were misclassified under the Fair Labor Standards Act ("FLSA") in that they were treated as exempt employees and not paid overtime, despite the fact that they regularly worked over 40 hours per week. *Id*.

Plaintiffs filed suit in this Court on December 6, 2015 against Legacy and individual defendants Robert Myrick and Isha Myrick, two executives at Legacy. Docket no. 1. Plaintiffs

1

brought causes of action for failure to pay wages under the FLSA and included collective action allegations. *Id*. at 6–7. Since filing their original complaint, Plaintiffs amended to remove their collective action allegations, and are asserting only individual claims under the FLSA. Docket no. 16.

On June 6, 2015, six months before Plaintiffs filed suit in this Court, a similar action was filed in the United States District Court for the Southern District of Texas. *Reyes v. Legacy Pressure Control, Inc.*, No. 2:15-CV-0258 (S.D. Tex. June 11, 2015). The *Reyes* complaint there sets forth similar causes of action against Legacy for misclassifying operators and supervisors as exempt employees under the FLSA and therefore failing to pay them overtime wages to which they were entitled. *Id*. (Docket no. 1 at 4). The Southern District of Texas certified a class that is seemingly defined in a way that includes operators such as Plaintiffs. *Id*. (Docket nos. 34, 35). Defendants allege that Plaintiffs would fit within the putative class in *Reyes* and that the Plaintiffs concede as much. Docket nos. 28 at 4, 32 at 2. There is no allegation, however, that Plaintiffs in fact opted in to the *Reyes* class, and the *Reyes* record reveals that Plaintiffs are not members of the class in that collective action. *See generally Reyes*, No. 2:15-CV-0258 (S.D. Tex. June 11, 2015).

Defendants filed a motion to transfer venue in this Court, arguing that, under the First-to-File rule, this case should be transferred to the Southern District of Texas where the first-filed *Reyes* case is pending. Docket no. 28. Plaintiffs responded that the First-to-File rule is not the appropriate standard for judging Defendants' motion to transfer, and that under the proper standard of 28 U.S.C. § 1404(a), transfer is not warranted. Docket no. 31 at 5–6. Defendants replied that § 1404(a) does not apply and were otherwise silent on § 1404(a) and its requirements. Docket no. 32 at 4.

**DISCUSSION**

**I.     Applicable Transfer Standard**

The main dispute in this motion is whether the Fifth Circuit's First-to-File rule or § 1404(a) governs. The First-to-File rule provides that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). This rule serves principles of comity, requiring federal district courts to exercise care to avoid interfering with one another's affairs. *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728–29 (5th Cir. 1985). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id*.

Whether the First-to-File rule applies is within the district court's discretion. *Cadle*, 174 F.3d at 603. In order for the rule to apply to transfer or dismiss a case, "the two pending actions [must be] so duplicative or [they must] involve substantially similar issues such that one court should decide the subject matter of both actions." *Granado v. Quality Energy Services, Inc.*, SA-15-CV-1061-XR, 2016 WL 705228, at *1 (W.D. Tex. Feb. 18, 2016). This inquiry does not require the same legal issues or identity of parties, but instead "substantial overlap" between cases. *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) ("Instead, the crucial inquiry is one of 'substantial overlap.'" (internal citations and quotations omitted)); *Sirius Computer Sols., Inc. v. Sparks*, 138 F. Supp. 3d 821, 827 (W.D. Tex. 2015) ("[S]ubstantial overlap between cases does not require that the parties and issues be identical.").

Once a district court finds that there is substantial overlap between cases, it must decide which of the two courts should take the case. *Granado*, 2016 WL 705288, at *1. Generally, "the

court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Cadle*, 174 F.3d at 606.

There is no precedent for applying the First-to-File rule in a situation such as this one. Despite the legal overlap between Plaintiffs' claims here and the putative class members' claims in *Reyes*, Plaintiffs have chosen to proceed on an individual basis rather than a collective one. In the FLSA collective action context, the First-to-File rule is often applied and is particularly appropriate, but only in the face of competing collective actions. In *Granado*, for example, plaintiffs in an FLSA collective action consented to a transfer of their case to a different district court, where a substantially similar collective action was first filed. *Granado*, 2016 WL 705228. Citing a number of cases from other districts, this Court recognized that "district courts have routinely applied the first-filed rule in the face of similar *dual collective actions*." *Id*. at *2 (emphasis added) (internal quotations omitted). This "dual collective action" situation is likewise present in other cases where the First-to-File rule warranted transfer of a later-filed collective action. *See, e.g., Tillery v. Higman Barge Lines, Inc.*, 2:14-CV-40, 2014 WL 1689942, at *1–2 (S.D. Tex. Apr. 29, 2014); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 689 (E.D. Tenn. 2005). Still, none of these cases, nor any others cited by Defendants, account for the situation here—a first-filed *collective* action and a second-filed *individual* action.

This result is consistent with the interplay between the FLSA's basic requirements and the principles of venue. "[P]rospective claimants must opt-*in* under the FLSA, fundamentally distinguishing these suits from Rule 23 class actions in which a prospective plaintiff must opt-*out*. Collective actions bind only the opt-*in* plaintiffs." *Roussell v. Brinker Intern., Inc.*, 441 F. App'x. 222, 225 (5th Cir. 2011) (emphasis added) (citations omitted). In addition, a plaintiff's choice of venue should generally be respected so long as the transferee venue is not clearly more

4

convenient.[1] *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Defendants' requested transfer would undercut these principles. Because Plaintiffs are not proceeding on a competing class basis but have chosen to pursue their claims individually, the FLSA suit in the Southern District of Texas will not bind them and they have every right to proceed individually. Part of this right is the ability to choose the forum for their lawsuit. At best, applying the First-to-File rule would prejudice the respect to which their choice of venue is entitled; at worst, it would force them into the *Reyes* class. For these reasons, the Court finds that the First-to-File rule does not govern this motion to transfer venue, and it is instead governed by the traditional rules of § 1404(a).

## II.   Application

Applying the standards of § 1404(a), Defendants' motion must be denied. Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The party seeking a transfer has the burden to show cause justifying the transfer. *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). As a gateway issue to a motion to transfer venue, the moving party must show whether the civil action "might have been brought" in the destination venue. *Volkswagen*, 545 F.3d at 312. If this requirement is satisfied, "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (internal footnotes omitted).

As previously noted, Defendants do not address the merits of a § 1404(a) transfer, while Plaintiffs apply this standard at length. Because Defendants have presented no evidence or

---

[1] Defendants do not argue that the Southern District of Texas is a more convenient forum.

argument on whether a transfer of venue is proper under § 1404(a), they have failed to carry their burden to justify the transfer. Accordingly, their motion is denied.

## CONCLUSION

Considering the scope of the First-to-File Doctrine and the application of § 1404(a), the Court concludes that Defendants have not demonstrated that transfer is warranted. Accordingly, Defendants' Motion to Transfer Venue (Docket no. 28) is DENIED.

It is so ORDERED.

SIGNED this 4th day of October, 2016.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE