# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BILLY GUYTON and DAVID BROWN,** | § | |
| **Individually and on Behalf of All Others** | § | |
| **Similarly Situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CASE NO. 5:15-cv-01075-XR** |
| | § | |
| **LEGACY PRESSURE CONTROL, INC.,** | § | |
| **ROBERT MYRICK and ISHA MYRICK,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND JURY QUESTIONS

Defendants Legacy Pressure Control, Inc., Robert Myrick, and Isha Myrick ("Defendants") respectfully submit the following Proposed Jury Instructions and Jury Questions. Defendants reserve their rights to submit additional or amended instructions, definitions, or questions prior to submission of the case to the jury and based upon the evidence and testimony introduced at trial.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By:      */s/ Robert L. Rickman*
         Robert L. Rickman
         State Bar No. 24013400
         rrickman@krcl.com
         Kenneth C. Riney
         State Bar No. 24046721
         kriney@krcl.com
         Jaime M. DeWees
         State Bar No. 24097593
         jdewees@krcl.com

1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas 75201
Telephone:  (214) 777-4270
Facsimile:   (214) 777-4299

**ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 26, 2017, a true and correct copy of the foregoing document has been sent to all counsel of record by electronic mail through ECF filing in accordance with the Federal Rules of Civil Procedure and the local Rules of the Western District of Texas.

Austin Kaplan
Kaplan Law Firm, PLLC
akaplan@kaplanlawatx.com
2525 Wallingwood Drive, Bldg 14
Austin, Texas 78746
Telephone: (512) 553-9390
Facsimile: (512) 692-2788

                              */s/  Robert L. Rickman*
                              Robert L. Rickman

# GENERAL INSTRUCTIONS

## Instructions for Beginning of Trial

Members of the jury panel, if you have a cell phone, PDA, Blackberry, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, defenses, charges, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an

impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____

_____
**Royce C. Lamberth**
**United States District Judge**

**Source**: Fifth Circuit Pattern Jury Instructions, No. 1.1 (2014).

**Preliminary Instructions to Jury**

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell phone or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I

may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiffs will present their case through witness testimony and documentary or other evidence. Next, the defendants will have an opportunity to present their case. The plaintiffs may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial.  Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.

It is now time for the opening statements.

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____


_____
**Royce C. Lamberth**
**United States District Judge**

**Source**:  Fifth Circuit Pattern Jury Instructions, No. 1.2 (2014).

**<u>First Recess</u>**

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____

_____
**Royce C. Lamberth**
**United States District Judge**

**<u>Source</u>**:  Fifth Circuit Pattern Jury Instructions, No. 2.1 (2014).

## Stipulations of Fact

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____

_____

**Royce C. Lamberth**
**United States District Judge**

**Source**:  Fifth Circuit Pattern Jury Instructions, No. 2.3 (2014).

**Limiting Instruction**

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____


_____
**Royce C. Lamberth**
**United States District Judge**

**Source**:  Fifth Circuit Pattern Jury Instructions, No. 2.6 (2014).

**Charts and Summaries**

      Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

**GIVEN**        _____

**REFUSED**    _____

**MODIFIED**    _____

                         _____

                         **Royce C. Lamberth**
                         **United States District Judge**

**Source**: Fifth Circuit Pattern Jury Instructions, No. 2.7 (2014).

**<u>Impeachment by Witness's Inconsistent Statements</u>**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____


_____
**Royce C. Lamberth**
**United States District Judge**

**<u>Source</u>**:  Fifth Circuit Pattern Jury Instructions, No. 2.11 (2014).

**Bias—Corporate Party Involved**

       Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**GIVEN**           _____

**REFUSED**       _____

**MODIFIED**      _____

 

                               _____

                               **Royce C. Lamberth**
                               **United States District Judge**

**Source**:  Fifth Circuit Pattern Jury Instructions, No. 2.16 (2014).

**Jury Charge**

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish be- tween the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____

_____
**Royce C. Lamberth**
**United States District Judge**

**Source**:  Fifth Circuit Pattern Jury Instructions, No. 3.1 (2014).

**Burden of Proof: Preponderance of The Evidence**

      Plaintiffs have the burden of proving their case by a preponderance of the evidence.  To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

**GIVEN**       _____

**REFUSED**     _____

**MODIFIED**     _____


                      _____

                      **Royce C. Lamberth**
                      **United States District Judge**

**Source**:  Fifth Circuit Pattern Jury Instructions, No. 3.2 (2014).

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you fi the facts from a preponderance of all the evidence, both direct and circumstantial.

**GIVEN**           _____

**REFUSED**        _____

**MODIFIED**      _____


_____
**Royce C. Lamberth**
**United States District Judge**

**Source**:  Fifth Circuit Pattern Jury Instructions, No. 3.3 (2014).

### Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of wit- nesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____


_____
**Royce C. Lamberth**
**United States District Judge**

**Source**: Fifth Circuit Pattern Jury Instructions, No. 3.4 (2014).

**<u>No Inference from Filing Suit</u>**

  The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**GIVEN**     _____

**REFUSED**    _____

**MODIFIED**    _____


        _____

        **Royce C. Lamberth**
        **United States District Judge**

**<u>Source</u>**:  Fifth Circuit Pattern Jury Instructions, No. 3.6 (2014).

**Duty to Deliberate; Notes**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re- examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____


**_____**
**Royce C. Lamberth**
**United States District Judge**

**Source**: Fifth Circuit Pattern Jury Instructions, No. 3.7 (2014).

## SPECIFIC INSTRUCTIONS AND QUESTIONS

## INSTRUCTIONS FOR QUESTIONS NOS. 1 AND 2:

Plaintiffs claim that Defendants did not pay Plaintiffs the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

Defendants deny Plaintiffs' claims and, in this case, contend that Plaintiffs are exempt from the FLSA's overtime provisions under the Highly Compensated Employee exemption and the Administrative exemption.

### Highly Compensated Employee exemption

To establish that Plaintiffs are exempt under the Highly Compensated Employee exemption, Defendants must prove each of the following facts by a preponderance of the evidence: (1) the employee had total annual compensation of at least $100,000; (2) the employee's primary duty includes performing office or non-manual work; and (3) the employee customarily and regularly performs any one or more of the exempt job duties or responsibilities of an executive, administrative, or professional employee.

A high level of compensation is a strong indicator of an employee's exempt status, thus eliminating the need for a detailed analysis of the employee's job duties. Some of the job duties of an executive, administrative, or professional employee include: (a) managing the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (b) having the authority to hire or fire other employees or the suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight; and (c) exercising discretion and independent judgment with respect to matters of significance. An employee "customarily and regularly" performs an administrative or executive job duty when that job duty is performed more than occasionally but less than constantly, to include tasks or work performed every workweek, and not those that are isolated or one-time.

This exemption applies only to employees whose primary duty includes performing office or non-manual work. Thus, for example, non-management production-line workers and non-management employees in maintenance, construction, and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers, laborers and other employees who perform work involving repetitive operations with their hands, physical skill, and energy are not exempt under this section no matter how highly paid they might be. Just because an employee may perform some tasks that may be considered manual labor does not preclude this exemption from applying. If the employee's primary job duties do not involve manual labor, the exemption can apply even if the employee spends a percentage of their time performing manual labor tasks.

Administrative exemption

To establish that Plaintiffs are exempt under the Administrative exemption, Defendants must prove each of the following facts by a preponderance of the evidence: (1) Plaintiffs were compensated on a salary or fee basis at a rate of not less than $455 per week, exclusive of board, lodging or other facilities; (2) Plaintiffs' primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and, (3) Plaintiffs' primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

This exemption applies only to employees whose primary duty includes performing office or non-manual work. Thus, for example, non-management production-line workers and non-management employees in maintenance, construction, and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers, laborers and other employees who perform work involving repetitive operations with their hands, physical skill, and energy are not exempt under this section no matter how highly paid they might be.  Just because an employee may perform some tasks that may be considered manual labor does not preclude this exemption from applying.  If the employee's primary job duties do not involve manual labor, the exemption can apply even if the employee spends a percentage of their time performing manual labor tasks.

The phrase ''directly related to the management or general business operations'' refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

The exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term ''matters of significance'' refers to the level of importance or consequence of the work performed.  The phrase ''discretion and independent judgment'' must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and

whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term ''discretion and independent judgment'' does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment.

**Source**:   Fifth Circuit Pattern Jury Instructions, No. 11.24 (2014); 29 U.S.C. 213(a)(1); 29 C.F.R. § 541.601; 29 C.F.R. § 541.200 *et seq.*; *Allen v. Coil Tubing Services, LLC*, 846 F. Supp. 2d 678, 686, 710-711 (S.D. Tex. 2012); *Goulas v. LaGreca*, No. 12-898, 2013 WL 2477030, *4 (E.D. La. June 7, 2013); *McPherson v. LEAM Drilling Systems, LLC*, No. 4:14-CV-02361, 2015 WL 1470554, *11-12 (S.D. Tex. 2015); *Karna v. BP Corp. North America, Inc.*, No. H-12-0101, 2013 WL 1155485, *29 (S.D. Tex. 2013). at *17 (citing 29 C.F.R. § 541.701).

**GIVEN** _____

**REFUSED** _____

**MODIFIED** _____

_____
**Royce C. Lamberth**
**United States District Judge**

**QUESTION NO. 1.**

Have Defendants proven that Plaintiffs are exempt from the overtime-pay requirement as a Highly Compensated Employee, and therefore Plaintiffs are not entitled to overtime?

Answer "Yes" or "No."

Billy Guyton   _____

David Brown   _____

Please proceed with answering Question No. 2.

**QUESTION NO. 2.**

Have Defendants proven that Plaintiffs are exempt from the overtime-pay requirement as an Administrative employee, and therefore Plaintiffs are not entitled to overtime?

Answer "Yes" or "No."

Billy Guyton   _____

David Brown   _____

If you answered "Yes" to *either* Question No. 1 or Question No. 2 for either Mr. Guyton or Mr. Brown, then do not answer any of the following questions with respect to that Plaintiff.  If you answered "No" to *both* Question No. 1 and Question No. 2 for Mr. Guyton or Mr. Brown, then proceed with answering the following questions with respect to that Plaintiff.

**Source**:  Fifth Circuit Pattern Jury Instructions, No. 11.24 (2014).

**GIVEN**   _____

**REFUSED**   _____

**MODIFIED**   _____

_____
**Royce C. Lamberth**
**United States District Judge**

**INSTRUCTIONS FOR QUESTIONS NOS. 3 AND 4:**

In this case, you must decide whether Plaintiffs were also employees of Defendants Isha Myrick or Robert Myrick. You should answer this question in light of the economic realities of the entire relationship between the parties based on the evidence.

Consider the following factors to the extent you decide that each applies to this case:

(a)   the power to hire and fire the employees;
(b)   supervision and control over employee work schedules or conditions of employment;
(c)   determining the rate and method of payment; and,
(d)   maintaining employment records.

While no single factor is determinative, the extent of the operating control over employees is the most important consideration. Merely being an officer or shareholder of a company does not subject an individual to FLSA liability

**Source**:  Fifth Circuit Pattern Jury Instructions, No. 11.27 (2014); *Gray v. Powers*, 673 F.3d 352, 354–55 (5th Cir. 2012).

**GIVEN**          _____

**REFUSED**       _____

**MODIFIED**      _____

_____
**Royce C. Lamberth**
**United States District Judge**

**QUESTION NO. 3.**

Have Plaintiffs proven that Defendant Isha Myrick was their employer?

      Answer "Yes" or "No."

      Answer: _____

      Proceed with answering Question No. 4.

**QUESTION NO. 4.**

Have Plaintiffs proved that Defendant Robert Myrick was their employer?

      Answer "Yes" or "No."

      Answer: _____

      Proceed with answering Question No. 5.

**Source**:  Fifth Circuit Pattern Jury Instructions, No. 11.27 (2014).

**GIVEN**      _____

**REFUSED**      _____

**MODIFIED**      _____

                      _____
                      **Royce C. Lamberth**
                      **United States District Judge**

**INSTRUCTIONS FOR QUESTIONS NOS. 5 AND 6:**

If you find that Defendants violated the FLSA, then you must determine the amount of any damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiffs have proved liability.

The amount of damages is the difference between the amount Plaintiffs should have been paid and the amount they were actually paid. Plaintiffs are entitled to recover lost wages for the two years before they filed this lawsuit, unless you find that Defendants either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that Defendants knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Plaintiffs are entitled to recover lost wages for three years before the date they filed this lawsuit. The plaintiff bears the burden of demonstrating willfulness.  Mere knowledge of the FLSA and its potential applicability does not suffice, nor does conduct that is merely negligent or unreasonable. Rather, an employer's violation is willful only if it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."

Plaintiffs filed this lawsuit on December 6, 2015.

**Source**:    Fifth Circuit Pattern Jury Instructions, No. 11.25 (2014). *Zannikos v. Oil Inspections* (*USA*) *Inc.*, 605 F. App'x 349, 360 (5th Cir. 2015)(citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132–33 (1988); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127–28 (1985); and *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990)).

**GIVEN**          _____

**REFUSED**       _____

**MODIFIED**      _____


_____
**Royce C. Lamberth**
**United States District Judge**

## QUESTION NO. 5.

Have Plaintiffs proven that Defendants either knew their conduct was prohibited by the FLSA or showed reckless disregard for whether its conduct was prohibited by the FLSA?

Answer "Yes" or "No."

Answer: _____

Proceed with answering Question No. 6.

**Source**: Fifth Circuit Pattern Jury Instructions, No. 11.24 (2014).

**GIVEN**          _____

**REFUSED**      _____

**MODIFIED**     _____

_____
**Royce C. Lamberth**
**United States District Judge**

**QUESTION NO. 6.**

What sum of money would fairly and reasonably compensate Plaintiffs for the damages, if any, you have found Defendants caused Plaintiffs? If you answered "Yes" to Question No. 5, the amount of damages you award should be based upon the entire duration of that Plaintiff's employment. If you answered "No" to Question No. 5, then the amount of damages you award should only be based on the period of that Plaintiff's employment from December 6, 2013 forward.

   Answer in dollars and cents for the following items and no other:

  Billy Guyton $ _____

  David Brown $ _____

**Source**: Fifth Circuit Pattern Jury Instructions, No. 11.25 (2014).

**GIVEN**     _____

**REFUSED**    _____

**MODIFIED**   _____

             _____
             **Royce C. Lamberth**
             **United States District Judge**

4992582v1